## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **MAYA MD, Inc.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**FARNAM STREET FINANCIAL, Inc.**<br><br>    **Defendant.** | **Case No. 0:25-cv-04522- PJS-EMB** |

### Plaintiff's Answer and Affirmative Defenses to Defendant's Counterclaim

In answer to Defendant Farnam Street Financial, Inc.'s ("Farnam") Counterclaim, Plaintiff Maya MD, Inc. ("Maya") denies all allegations contained in the Counterclaim, unless otherwise answered or admitted below.

### Answer

1. Admitted, upon information and belief.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted that Maya entered into Exhibit A but denied as untrue that Maya is bound by all of the terms of Exhibit A because of the illegality of certain terms and Farnum's prior breach, as set forth in Maya's Amended Complaint. Additionally, as set forth in the Nevada Personal Property Manual (2020-2021) ("**NPPM**") , which was adopted pursuant

to NAC 361.1365(2), medical equipment "economic lives differ substantially from industry norms" which are "subject to accelerated functional and economic obsolescence caused by rapid technological development[,] … include[ing] patient monitors of all kinds [e.g., blood pressure monitors, oximeters]." NPPM, pp. 8, 24. In 2024, Nevada enacted NV Rev Stat § 372.282, which "hereby exempted from the taxes imposed by this chapter the gross receipts from sales of, and the storage, use or other consumption of: 1. Durable medical equipment … prescribed for human use by a licensed provider of health care acting within his or her scope of practice."

6. Admitted that Maya entered into Exhibit B but denied as untrue that Maya is bound by all of the terms of Exhibit B because of the illegality of certain terms and Farnum's prior breach, all as set forth in Maya's Amended Complaint and supplemented in Answer to paragraph 5 *supra*.

7. Maya admits only that it agreed that the cost of the equipment to be leased would be approximately $800,000 and that this is reflected in Schedule 1; Maya denies that it is bound to Schedule 1 for the reasons stated in its Amended Complaint and supplemented in Answer to paragraph 5 *supra*, including Farnam's charging of taxes, whether sales, personal or property, as prohibited by Minnesota, Nevada and other state and/or federal law.

8. Admitted that Maya selected the equipment which Farnam purchased.

9. Admitted that the Lease Agreement contains such a provision, but Maya denies as untrue that it is bound by this provision because it is illegal and unenforceable for the

2

reasons stated in Maya's Amended Complaint and as supplemented in Answer to paragraph 7 *supra*.

10. Admitted that the Lease Agreement contains these provisions, but Maya denies as untrue that Maya is bound by the delayed commencement or tax provisions because they are illegal and unenforceable for the reasons stated in Maya's Amended Complaint and as supplemented in Answer to paragraph 7 *supra*.

11. Maya admits only that it anticipated that it would be able to request the purchase of all of the equipment by March 2023 but was unable to do so until June 2025 and denies as untrue that it is bound by a Leasing Commitment for the reasons stated in its Amended Complaint and as supplemented in Answer to paragraph 7 *supra*.

12. Maya admits that it received Lease Schedule No. 001R from Farnam and denies as untrue the remaining allegations for the reasons stated in its Amended Complaint and as supplemented in Answer to paragraph 7 *supra*.

13. Admitted.

14. Admitted on information and belief.

15. Admitted that the Lease Agreement contains such a provision, but denied as untrue that Maya is bound by this provision for the reasons stated in its Amended Complaint and as supplemented in Answer to paragraph 7 *supra* and due to Farnam's prior breach.

16. Denied as untrue.

17. Denied as untrue.

18. Denied as untrue.

3

19. Admitted that the Lease Agreement contains such a provision, but denied as untrue that Maya is bound by this provision for the reasons stated in its Amended Complaint and as supplemented in Answer to paragraph 7 *supra* and due to Farnam's prior breach.

20. Denied as untrue for the reasons stated in its Amended Complaint and as supplemented in Answer to paragraph 7 *supra* and due to Farnam's prior breach.

21. Denied as untrue for the reasons stated in its Amended Complaint and as supplemented in Answer to paragraph 7 *supra* and due to Farnam's prior breach.

22. Denied as untrue for the reasons stated in its Amended Complaint and as supplemented in Answer to paragraph 7 *supra* and due to Farnam's prior breach.

23. Denied as untrue for the reasons stated in its Amended Complaint and as supplemented in Answer to paragraph 7 *supra* and due to Farnam's prior breach.

24. Denied as untrue for the reasons stated in its Amended Complaint and as supplemented in Answer to paragraph 7 *supra* and due to Farnam's prior breach.

<u>COUNT I</u>
**BREACH OF CONTRACT**

25. Maya realleges and incorporates by reference each of the preceding paragraphs of its Answer.

26. Non-payment admitted but the remaining allegations are denied as untrue for the reasons stated in Maya's Amended Complaint and as supplemented in Answer to paragraph 7 and due to Farnam's prior breach.

4

27. Denied as untrue for the reasons stated in Maya's Amended Complaint and due to Farnam's prior breach.

## AFFIRMATIVE DEFENSES

1. The claims stated in the Counterclaim may be barred in whole or in part by Farnam's prior breach of the Lease Agreement.

2. The claims stated in the Counterclaim may be barred in whole or in part by the illegality of material provisions of the Lease Agreement as specified in Maya's Amended Complaint.

3. The claims stated in the Counterclaim may be barred in whole or in part by the doctrine of unjust enrichment.

4. The claims stated in the Counterclaim may be barred in whole or in part by the doctrine of impossibility of performance.

5. The claims stated in the Counterclaim may be barred in whole or in part by the doctrine of unclean hands.

6. The claims stated in the Counterclaim may be barred in whole or in part by the doctrine of estoppel.

7. The claims stated in the Counterclaim may be barred in whole or in part by the doctrine of frustration of purpose.

8. The claims stated in the Counterclaim may be barred in whole or in part by Farnam's actions or omissions.

9. Farnam has failed to mitigate its damages.

5

10. The damages sought by Farnam are excessive and duplicative and therefore not enforceable.

## REQUEST FOR RELIEF

Maya requests that Farnam's Counterclaim be dismissed with prejudice and costs to Maya; in the alternative, Maya prays for judgment in its favor and against Farnam of no cause for action on Farnam's Counterclaim.

Dated: March 12, 2026                    Respectfully submitted,

*/s/David A. Goodwin*
Daniel E. Gustafson (#202241)
David A. Goodwin (#386715)
Anthony Stauber (#401093)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstauber@gustafsongluek.com

Rachel Veronica Rose
Texas Bar No. 24074982
**Rachel V. Rose ‑ Attorney at Law, PLLC**
P.O. Box 22718
Houston, Texas 77227
Tel: (713) 907-7442
rvrose@rvrose.com

Ralph R. Safford
Michigan Bar No. 24633
**Safford & Baker, PLLC**
5440 Corporate Drive, Ste. 220
Troy, MI 48098

Tel: (248) 670-0176
rsafford@saffordbaker.com

***Attorneys for Plaintiff***

7